**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Bradley D. Gardner (SBN: 011211)
bdg@udallshumway.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Kristha Lima, | Case No.: |
| Plaintiff, | |
| v. | **Complaint** |
| Capital Consultants Management Corporation, a foreign corporation. | |
| Defendant. | |

Plaintiff Kristha Lima ("Plaintiff"), by and through undersigned counsel, alleges the following facts and claims against Defendant Capital Consultants Management Corporation ("Defendant" or "CCMC") as follows:

**General Allegations**

1. Plaintiff is an individual residing in Maricopa County, Arizona.

2. Defendant is a foreign for-profit corporation with operating subsidiaries located within this Judicial District, its principal office located in the State of Nevada, and its corporate office located in Scottsdale, Arizona,

3. Plaintiff is an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 203(e)(1).

4. This Court has jurisdiction over this case under 28 U.S.C. §§1331.

5. Venue is proper in this District under 28 U.S.C. §1391 as most or all of the acts alleged herein occurred within the geographic region covered by this District of Arizona.

6. Plaintiff alleges that Defendant is legally responsible for the acts and/or omissions giving rise to this cause of action and is legally and proximately responsible for damages as alleged herein.

### Nature of Case

7. Plaintiff began working for Defendant in April 2016 as a Lifestyle Director.

8. Plaintiff received two write-ups in November 2019. These were the only write-ups Plaintiff received throughout her employment with Defendant.

9. On November 21, 2020 after working a large corporate event, Plaintiff went home and started feeling sick.

10. On November 24, 2020 Plaintiff obtained a Covid-19 test.

11. On November 27, 2020 Plaintiff's results came back positive for Covid-19.

12. From November 30 to December 4, 2020 Plaintiff remained home under quarantine per CDC recommended guidelines and with approval from Defendant.

13. On December 7, 2020 Plaintiff returned to work, although still presenting with mild symptoms. Plaintiff's Assistant Manager, Jennifer Campbell ("Ms. Campbell"), advised Plaintiff return home for the reminder of the week.

14. Plaintiff returned to work on December 14, 2020.

2

15. On December 16, 2020 Plaintiff was informed her mother, who resides in California, had tested positive for Covid-19.

16. Plaintiff immediately informed her Supervisor, Rebecca Hill ("Ms. Hill") that she would be using her previously approved vacation time to go to California and care for her mother.

17. Plaintiff went on approved vacation from December 28, 2020 to January 1, 2021.

18. On December 28, 2020 Plaintiff's mother was admitted to the ICU at a hospital in California.

19. Plaintiff informed Ms. Hill her mother was admitted to the hospital.

20. On January 3, 2021 Plaintiff sent a text message to Ms. Hill to let her know her mother was still in critical condition and requested to work from California for the next week or in the alternative take additional vacation time.

21. Rebecca advised Plaintiff she needed to confirm with their Vice President and to take an additional vacation day until she received a response.

22. By January 5, 2021 Plaintiff had still not received confirmation as to whether she was allowed to work remotely or take additional vacation. Plaintiff sent another text message to Ms. Hill and received a response to take vacation for the remainder of the week.

23. While Plaintiff was driving back to Arizona on January 10, 2021, she received a call from the hospital advising Plaintiff her mother's condition was not improving and she could pass away any day.

3

24. On January 11, 2021 Plaintiff returned to work and contacted Human Resources to request FMLA information.

25. Plaintiff explained her current situation and was told that her circumstances did not qualify for FMLA because her mother was already in the hospital and Plaintiff was not the one caring for her.

26. Plaintiff requested the FMLA paperwork be sent to her anyway which Defendant subsequently provided.

27. Later that day, Plaintiff received another call from the hospital stating that because her mother did not wish to be intubated and there was no longer anything the hospital could do. The hospital advised Plaintiff they would be disconnecting her mother from their machines and that she would pass within a day.

28. Plaintiff notified her newly appointed Supervisor, Manager of Lifestyle Services and advised that she needed to fly to California immediately to which the supervisor agreed.

29. Plaintiff arrived at the hospital that night and her mother passed away on the morning of January 12, 2021.

30. On January 13, 2021 this supervisor messaged Plaintiff sending her condolences to which Plaintiff advised that she needed to take the remainder of the week off to take care of her mother's arrangements. The Plaintiff also advised of the possibility of having to return to California the following week for additional arrangements.

4

31. At that time, Plaintiff still had ample vacation time to utilize, and the supervisor approved Plaintiff's request, as well as January 25 and 26, 2021 to attend her mother's funeral.

32. On January 17, 2021 Plaintiff received a group text message from Ms. Hill stating that their team was to work from home as one of their co-workers had begun exhibiting Covid-19 symptoms and was pending test results.

33. On January 20, 2021 Plaintiff and her team returned to the office.

34. Later that day Plaintiff was asked to meet with Ms. Hill to review her performance evaluation.

35. Unbeknownst to Plaintiff, Ms. Hill informed Plaintiff they needed to part ways due to her lack of commitment to the team, and that Plaintiff's termination was effective immediately.

36. When Plaintiff inquired about the support behind Defendant's decision, Ms. Hill could not provide Plaintiff any examples or proof as to her "lack of commitment to the team."

37. During this meeting Plaintiff was handed a Severance Agreement, which she signed in front of Ms. Hill, and left the building.

38. Plaintiff met with Sarah to gather her personal belongings. At that time Plaintiff also handed the Supervisor of Life Style Services her notice of revocation for the Severance Agreement.

39. On January 28, 2021 Head of Human Resources, Traci Hill ("Traci"), contacted Plaintiff to discuss her termination.

5

40. Plaintiff's advised Traci that she after having time to sleep on it she changed her mind regarding the Severance Agreement and chose to revoke on her own.

41. During this conversation Traci told Plaintiff that Ms. Hill had made it appear to her that Plaintiff was aware of her lack of commitment, that conversations had been had between Plaintiff and Ms. Hill, and that Plaintiff was aware she might be terminated.

42. Plaintiff was shocked by these comments and advised Traci that she had never had any conversations or communications with Ms. Hill or any employee of Defendant regarding her commitment to work. Plaintiff requested if there was evidence to the contrary she would like to review. To date, no documentation has been produced by the Defendant's representatives.

43. Plaintiff had no disciplinary action against her in the years leading up to her needing to take time off to care for her mother.

44. Plaintiff had accrued vacation time sufficient enough to cover all the time off she took and received approval from Defendant for such time.

45. The only week Plaintiff missed work was at Defendant's direction when Plaintiff attempted to return to the workplace following her bought with Covid-19 but was told to return home as she was still experiencing symptoms.

46. Even though Plaintiff was going through such a horrible time personally, she made sure she remained in constant contact with her supervisors and was careful to get approval before taking any leave.

6

47. After her return to work and still dealing with the tragedy of losing her mother, Plaintiff was terminated.

48. At no point in time during the weeks of illness herself and her mother was Plaintiff offered FMLA leave by Defendant.

49. Plaintiff has been damaged as a result of Defendant's actions and is entitled to just compensation for such damages.

### First Cause of Action
### Violation of the Family Medical Leave Act

50. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

51. Defendant employees more than fifty (50) employees and as such, are covered employers under 29 U.S.C. §2611(4)(A)(i).

52. Plaintiff was an eligible employee covered by the Family Medical Leave Act (FMLA) pursuant to 29 U.S.C. §2611(2)(A)(i). As such, Plaintiff was entitled to leave rights under the FMLA.

53. Plaintiff's mother was dealing with a "serious health condition" and had a qualifying reason for leave under the FMLA.

54. The FMLA makes it unlawful for an employer to deny leave to an eligible employee or otherwise "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. 29 U.S.C. §2615(a)(1); 29 C.F.R §825.220(a)(1). Any violation of the FMLA statutes or regulations constitutes interference with an employee's rights under the FMLA. 29 C.F.R. §825.220(b).

55. Defendant violated FMLA by interfering with Plaintiff's FMLA rights and retaliating against Plaintiff for requesting FMLA leave and terminated her employment after making such request.

56. As provided under the FMLA, Plaintiff is entitled to collect liquidated damages equal to the sum of her lost compensation, wages, and benefits.

57. As a result of Defendant's violation of the FMLA, Plaintiff is entitled to collect wages, employment, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, benefits, including her back-pay damages, compensatory damages, and her reasonable attorneys' fees and costs. Plaintiff is also entitled to reinstatement or in lieu thereof front pay and other appropriate equitable relief, as well as all other remedies available under 29 U.S.C. § 2601, *et seq*.

**Second Cause of Action**
**Retaliation in Violation of the Family Medical Leave Act**

58. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

59. Under the FMLA's anti-retaliation provision prohibits the employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. 29 C.F.R. § 825.220(c).

60. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right of the FMLA. 29 U.S.C. § 2615(a).

61. Under the FMLA's anti-retaliation provisions, employers are forbidden from subjecting employees to an adverse employment action, such as reduction in pay, demotion, or termination, for exercising any rights provided by the FMLA.

62. Defendant terminated Plaintiff for exercising her rights under the FMLA.

63. As provided under the FMLA, Plaintiff is entitled to collect liquidated damages equal to the sum of her lost compensation, wages, and benefits.

64. As a result of Defendant's violation of the FMLA, Plaintiff is entitled to collect wages, employment, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, benefits, including her back-pay damages, compensatory damages, and her reasonable attorneys' fees and costs. Plaintiff is also entitled to reinstatement or in lieu thereof front pay and other appropriate equitable relief, as well as all other remedies available under 29 U.S.C. § 2601, *et seq*.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Award Plaintiff actual damages incurred herein including, but not limited to, lost back pay, lost front pay, and benefits of employment;

B. Award Plaintiff compensatory damages for the emotional distress caused by Defendants actions;

C. Liquidated damages under the FMLA pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Reasonable attorney's fees and other expenses under the FMLA pursuant to 29 U.S.C § 2617(3);

9

E. For such other and further relief as the Court deems reasonable and just.

**Demand for Jury Trial**

Pursuant to the Federal Rules of Civil Procedure 38, Plaintiff demands a trial by jury in this case.

**DATED:** May 17, 2021.

        **UDALL SHUMWAY PLC**

        By: /s/ Bradley D. Gardner
          Bradley D. Gardner, Esq.
          1138 North Alma School Road, Suite 101
          Mesa, Arizona 85201
          *Attorney for Plaintiff*